Ms. Renee Francis Lee Charlotte County Attorney 18500 Murdock Circle Port Charlotte, Florida 33948-1094
Dear Ms. Lee:
You ask substantially the following questions:
1. May a county collect tourist development taxes on the rental of single-family homes owned by foreign nationals who rent these homes to other foreign nationals when the rental transaction takes place in a foreign country?
2. If the tourist development tax is not paid by the rental agent, what enforcement procedures are available?
In sum:
1. A dwelling located in this state that is owned by a foreign national and rented or leased for a period of six months or less to another foreign national through a foreign agent outside the state is subject to the tourist development tax imposed under section 125.0104, Florida Statutes (1996 Supplement).
2. While failure to charge and collect the tourist development tax personally or through an agent or employee makes the person receiving the consideration for the rental or lease personally liable for payment of the tax and guilty of a misdemeanor of the first degree, the delinquent tax may be collected through the issuance and execution of a warrant that becomes a lien against the property.
Question One
You state that many single-family residences in Charlotte County are owned by foreign nationals and rented by them through agents to other foreign nationals for periods of less than six months. In some instances, the contract as well as payment of rent are executed by rental agents located in foreign countries. One such foreign agent has failed to charge, collect, or remit the appropriate tourist development tax, or to file the appropriate registration forms for rentals in Charlotte County. In Charlotte County, the clerk of court has been delegated the authority to enforce the tourist development tax.[1] Despite efforts to educate the foreign agent as to the requirements of collecting and remitting the tax, the agent claims that it need not comply because the transaction takes place outside Charlotte County.
Section 125.0104(3)(a), Florida Statutes (1996 Supplement), states:
"It is declared to be the intent of the Legislature that every person who rents, leases, or lets for consideration any living quarters or accommodations in any hotel, apartment hotel, motel, resort motel, apartment, apartment motel, roominghouse, mobile home park, recreational vehicle park, or condominium for a term of 6 months or less is exercising a privilege which is subject to taxation under this section, unless such person rents, leases, or lets for consideration any living quarters or accommodations which are exempt according to the provisions of chapter 212."
The statute authorizes any county in this state to levy a tourist development tax on every person who rents, leases, or lets the specified living quarters for a period of six months or less. The tax is to be charged by the person receiving the consideration for the lease or rental and is to be collected from the lessee, tenant, or customer at the time the consideration is paid.[2] The person receiving the consideration for the lease or rental is responsible for collecting and remitting the tax to the Department of Revenue in the same manner and time as provided for persons who collect and remit tax under section 212.03, Florida Statutes.[3]
Moreover, the same duties and privileges imposed by Chapter 212, Florida Statutes, respecting the collection and remission of tax, as well as accounting and compliance with departmental rules, are applicable to all persons subject to section 125.0104, Florida Statutes (1996 Supplement).[4]
The only exemption from the tourist development tax provided in section 125.0104, Florida Statutes (1996 Supplement), is for those persons who rent, lease, or let for consideration living quarters or accommodations that are exempt according to Chapter 212, Florida Statutes. Section 212.03(1), Florida Statutes, provides a general exemption for persons who enter into a "bona fide written agreement for continuous residence for longer than 6 months in duration. . . ." There is no exemption, however, based upon the ownership of the property by foreign nationals or for foreign nationals renting or leasing the accommodations through a foreign agent.[5] Likewise, the use of an agent to secure the rental or lease agreement and to collect the rent or lease payments does not insulate the person receiving the consideration or the person exercising the privilege of renting the space from the requirements of the statute.[6]
The plain language of the statute makes the rental or lease of the accommodations in the dwelling for a period of six months or less a taxable transaction on which the person who benefits from the privilege of entering into such a short-term agreement must pay the tourist development tax. It would be irrelevant, therefore, that an agent in a foreign country handles the contract and the collection of the rent or that the agreement was executed outside this state.
Accordingly, it is my opinion that the rental or lease of a dwelling located in this state for a period of six months or less is subject to the tourist development tax imposed under section125.0104, Florida Statutes (1996 Supplement), regardless of the fact that the dwelling is owned by a foreign national and the rental or lease of such dwelling is to a foreign national through a foreign agent with the transaction occurring outside the state.
Question Two
A county levying the tax may adopt an ordinance providing for local collection and administration of the tourist development tax.[7] As indicated above, Charlotte County has elected to have local collection and administration and has designated the clerk of court as the official to enforce the tax.
A county that locally collects and administers the tax must also adopt an ordinance electing either to assume all responsibility for auditing the records and accounts of dealers, assessing, collecting, and enforcing payments of delinquent taxes, or to delegate such authority to the Department of Revenue.[8] If a county elects to assume that responsibility, it remains bound by all rules of the department governing tourist development tax as well as those pertaining to the sales and use tax on transient rentals imposed by section 212.03, Florida Statutes.[9] Moreover, section 125.0104(10)(c), Florida Statutes (1996 Supplement), provides that a county assuming such responsibility "may use any power granted in this section to the department to determine the amount of tax, penalties, and interest to be paid by each dealer and to enforce payments of such tax, penalties, and interest."
As discussed in Question One, the person receiving consideration for the rental or lease must account for and remit the tax to the Department of Revenue and is subject to the same duties and responsibilities imposed under Chapter 212, Florida Statutes, on dealers in tangible property. Section 212.14, Florida Statutes, authorizes the department to require any person who fails to comply with the provisions of the chapter to show cause why the tax law is not applicable. The department may require the person to produce papers relating to the business, to testify under oath and to answer interrogatories. At the hearing, if the subject person fails to produce the requested documents or to appear, the department is authorized to estimate any unpaid deficiencies in taxes and to issue a distress warrant for the collection of the taxes. The warrant is issued to any sheriff in the state where the person owns or possesses any property and such property sufficient to satisfy the taxes is to be seized and sold under the distress warrant.[10]
Materials provided to this office show that Charlotte County has adopted a substantially similar procedure for the collection of delinquent tourist development taxes.[11] Under the provisions of section 1-7-46(d)(5)d., Charlotte County Code, when a tourist development tax becomes delinquent, the clerk of court issues a warrant for the full amount of the tax and any interest, penalties, and cost of collection. The warrant is directed to all sheriffs of the state and is recorded in the public records of the county, whereupon it becomes a lien that may be executed against any real or personal property of the taxpayer.
In this instance, the real property located in Charlotte County would be the subject of the warrant and would provide the clerk the most readily accessible means of collecting delinquent or unpaid tourist development taxes.
Section 125.0104(8)(a), Florida Statutes (1996 Supplement), provides:
"Any person who is taxable hereunder who fails or refuses to charge and collect from the person paying any rental or lease the taxes herein provided, either by himself or herself or through agents or employees, is, in addition to being personally liable for the payment of the tax, guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083."[12]
Thus, while the act imposes personal liability as well as criminal liability for failure or refusal to collect the tax by the person who is receiving consideration for the rental or lease of the accommodations, the county may use the issuance and execution of a warrant against the property located in Charlotte County to collect delinquent or unpaid tourist development taxes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 1-7-46(d)(5), Art. IV, Charlotte County Code.
[2] Section 125.0104(3)(f), Fla. Stat. (1996 Supp.).
[3] Section 125.0104(3)(g), Fla. Stat. (1996 Supp.).
[4] Id. See also, s. 125.0104(10)(b), Fla. Stat. (1996 Supp.), requiring that the ordinance whereby a county chooses to have local collection and administration of the tourist development tax include a provision that initial collection of the tax be made in the same manner as for tax imposed under Part I, Ch. 212, Fla. Stat.
[5] Cf., s. 212.03(7)(a), Fla. Stat., stating that "[f]ull-time students enrolled in an institution offering postsecondary education and military personnel currently on active duty who reside in the facilities described in subsection (1) shall be exempt from the tax imposed by this section."
[6] See, s. 125.0104(8)(a), Fla. Stat. (1996 Supp.), providing that "[a]ny person who is taxable hereunder who fails or refuses to charge and collect from the person paying any rental or lease the taxes herein provided, either by himself or herself or throughagents or employees, is, in addition to being personally liable for the payment of the tax, guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083." (e.s.)
[7] Section 125.0104(10)(a), Fla. Stat. (1996 Supp.).
[8] Section 125.0104(10)(c), Fla. Stat. (1996 Supp.).
[9] Id.
[10] See, s. 212.14(1), Fla. Stat.
[11] See, Art. IV, s. 1-7-46, Charlotte County Code.
[12] Section 125.0104(8), Fla. Stat. (1996 Supp.), provides other enforcement and penalty procedures as follows:
"(b) No person shall advertise or hold out to the public in any manner, directly or indirectly, that he or she will absorb all or any part of the tax, that he or she will relieve the person paying the rental of the payment of all or any part of the tax, or that the tax will not be added to the rental or lease consideration or, when added, that it or any part thereof will be refunded or refused, either directly or indirectly, by any method whatsoever. Any person who willfully violates any provision of this subsection is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(c) The tax authorized to be levied by this section shall constitute a lien on the property of the lessee, customer, or tenant in the same manner as, and shall be collectible as are, liens authorized and imposed in ss. 713.67, 713.68, and 713.69."